IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABÓN GONZÁLEZ,

                Plaintiff,

v.

BRITTANY ALLEN,

                Defendant.[1]

OPINION and ORDER

17-cv-850-jdp

---

Plaintiff Helson Pabón González, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. He alleges that defendant Brittany Allen violated his rights under the Eighth Amendment to the United States Constitution when she attacked him by hitting him with a garbage cart. Allen has filed a motion for summary judgment, saying that she did not intentionally hit Pabón González with the cart. Dkt. 33.

I must grant summary judgment to Allen if there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In accordance with this court's procedures, Allen submitted proposed findings of fact explaining her version of the incident. Pabón González did not follow the court's procedures by submitting numbered responses to each finding. But he does submit a brief and a declaration that, although somewhat difficult to understand, give his side of the story.

Ultimately, the parties' written submissions are useful but they take a back seat to the video recording that Allen has provided. The video is choppy (it is taken at only one frame per

---

[1] I have amended the caption to include defendant Allen's first name.

second), but it indisputably confirms Allen's statement that she did not intentionally hit Pabón González.

The video shows the following: a large garbage cart sat in a hallway, not completely flush against the wall. Defendant Allen and Pabón González enter the frame, walking near the cart. Allen moves one end of the cart closer to the wall, presumably to get it out of the way of the traffic in the hallway. As she moves the cart, Pabón González walks past the other end of the cart. As Allen moves her end of the cart toward the wall, the opposite end of the cart swings away from the wall. The cart bumps into Pabón González, striking him in the arm. Allen then finishes moving the cart to leave it closer to flush against the wall.

Allen says that she asked Pabón González if he was OK and that he said that he did not need to see the doctor. I take Pabón González to be saying that they did not have that discussion. The recording does not include audio so it does not resolve that factual dispute. There is no dispute that Pabón González later saw a nurse about his arm being scratched by the cart. Pabón González says that the marks left a scar.

Pabón González has filed a motion for defendants to produce pictures of his arm that he says were taken after the incident. Dkt. 42. Defendant says that counsel asked prison staff to produce those photos, but they do not possess those pictures, nor are they aware that any were taken. I'll deny Pabón González's motion because defendant cannot produce a photo that they don't have. And in any event, the case does not boil down to the severity of the injury that Pabón González sustained. Based on the video evidence, no reasonable jury could conclude that Allen intentionally hit him with the cart.

The Eighth Amendment protects prisoners from officials' use of excessive physical force. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). For a plaintiff to succeed on an excessive force

claim, he must submit evidence that the prison official acted "wantonly or, stated another way, 'maliciously and sadistically for the very purpose of causing harm.'" *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). The video here shows that Allen's actions come nowhere close to meeting that standard. All it shows is that she accidently bumped Pabón González with the cart. A negligent use of force like Allen's does not violate the Constitution. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 ("if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the . . . detainee cannot prevail on an excessive force claim.").

Pabón González challenges the authenticity of the video: he says that it is choppy because the footage of him being hit by the cart has been removed. But he doesn't have any evidence to substantiate his allegation so I will not consider it further. I understand from other cases that the video is recorded at the rate of one frame per second to diminish the size of the recordings for storage purposes. In any event, even with the choppiness that results from the low frame rate, the video clearly shows what happened.

Pabón González also states that he did not explicitly allege that Allen hit him *intentionally*, and he suggests "we change intentionally for battery." Dkt. 40 at 4. Pabón González wouldn't succeed on a Wisconsin-law battery claim either because an intentional use of force is an element of that type of claim. *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 685, 495 N.W.2d 327, 329 (1993). Even if what Pabón González means is that he wants to bring a Wisconsin-law negligence claim, he has waited far too long to notify the court and parties that he wants to bring a state-law claim, and there is no reason to think that he could meet the $75,000 injury requirement for this court to hear a negligence claim under the court's

diversity jurisdiction, or that he has met Wisconsin's notice-of-claim requirement.[2] If Pabón González wants to bring a state-law case, he will have to file it in state court, although I take no position on the merits of any state-law claim he might bring. I will grant Allen's motion for summary judgment on his Eighth Amendment claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabón González's motion for production of photographs, Dkt. 42, is DENIED.

2. Defendant Brittany Allen's motion for summary judgment, Dkt. 33, is GRANTED.

3. The clerk of court is directed to enter judgment for defendant and to close the case.

Entered November 7, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge

---

[2] In previous litigation, Pabón González has stated that he is a citizen of Puerto Rico, so he likely satisfies the diversity-of-parties requirement in this case.